Gary S. Graifman, Esq.
Michael L. Braunstein, Esq.
**KANTROWITZ, GOLDHAMER
& GRAIFMAN, P.C.**
210 Summit Avenue
Montvale, New Jersey 07645
Tel: (201) 391-7000
Fax: (201) 307-1086

Alvin C. Gordon, Esq.
Ava Gordon, Esq.
**THE GORDON LAW FIRM
OF NEW YORK, LLP**
45 Broadway, 12th floor
New York, New York 10006
Tel: (212) 766-2200

*Attorneys for Plaintiffs and the Class*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

-------------------------------------------------------X

ROBERT GORDON and MELISSA CHAN,
on behalf of themselves and all others
similarly situated,

               Plaintiffs,

    - against -

UNITED CONTINENTAL HOLDING, INC.,
MILEAGE PLUS HOLDINGS, LLC
and UNITED AIRLINES, INC.,

               Defendants.

-------------------------------------------------------X

Docket No.:_____

**CLASS ACTION
COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs, Robert Gordon ("Mr. Gordon") and Melissa Chan ("Ms. Chan") (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, by their undersigned counsel, allege against Defendants United Continental Holding, Inc., Mileage Plus Holdings, LLC and United Airlines, Inc. (collectively "United" or "Defendants"), the following:

## SUMMARY OF THE ACTION

1.      Plaintiffs bring this class action on behalf of themselves and all other persons who were damaged by United's deceptive MileagePlus rewards program.

2.      United is the world's largest airline in terms of fleet size and number of destinations.  Following the 2011 merger agreement between United Airlines and Continental Airlines, Mileage Plus was chosen to be the frequent flyer program for the combined airline and was renamed to MileagePlus (same name, no space.).

3.      United touts its MileagePlus rewards program as "[t]he world's most rewarding loyalty program."

4.      In 2012, 4.7 million MileagePlus travel awards were used on United and Continental.  These awards represented 7.4% and 6.8% of United's and Continental's total revenue passenger miles (i.e., miles flown by revenue paying passengers) in 2012.  The total revenue passenger miles in 2012 for United (including Continental flights) were 179,416,000,000 miles.  Excluding miles redeemed for United and Continental travel, MileagePlus members redeemed miles for approximately 1.6 million awards in 2012.

5.      United also sells miles directly to members.  United claims this is "[p]erfect if you are just a few thousand miles short of your next award trip.  You can apply these miles toward award travel on United or any MileagePlus airline partner, or toward upgrades on United." United charges customers $0.035 per mile, plus a 7.5% Federal Excise tax.

6.      United represents that the amount of miles needed for an award is a set published amount – "the amount of mileage necessary to redeem each award will be set by United and published to the members."

7.     But, United does not disclose that it charges customers who have more available miles, additional miles for the same service - unbeknownst it to frequent flyer customers, when a customer has more miles, United charges them more miles.

8.     Plaintiffs are United's MileagePlus rewards program members.  On August 26, 2012, Mr. Gordon was looking to pay for a hotel room, for a trip he and Ms. Chan were taking to Japan, utilizing his United miles.  Mr. Gordon had 38,183 miles. (Exhibit A.)  United's website required Mr. Gordon to have 40,750 miles for the three-night stay in the double semi room. (Id.) Mr. Gordon knew Ms. Chan had more miles, so he did not book the room.

9.     Minutes later, Ms. Chan went to book the *same* room for the *same* three days. Melissa had 41,773 miles – approximately 100 more than United notified Robert was required for the award.  (Exhibit B.)  However, United required Ms. Chan to use 44,550 miles, not 40,750 miles. (Id.)

10.     Thus, within minutes, Mr. Gordon and Ms. Chan tried to book the same room, at the same hotel, for the same dates, but because Ms. Chan had more miles, United required 3,750 more miles for the same service.

11.     Mr. Gordon called United to complain and was advised that United utilizes an algorithm that modifies the number of miles needed for an award depending on the customer's number of miles.   Essentially, when confronted, United admitted using an algorithm that increases the number of miles a customer needs for an award, based on their total miles.

12.     Not only did United require that Ms. Chan have more miles than Mr. Gordon for the same service on the same day, but each time they were "just a few thousand miles short of . . . [their] next award trip."

3

13.     After increasing the number of miles needed for the award, United charged Ms. Chan $26.10 to purchase the now needed additional miles for the hotel room.

14.     United failed to disclose to Mr. Gordon, Ms. Chan or the Class that it increases the number of miles a customer needs for an award, based on their total miles.

15.     United's material omission is a deceptive corporate practice.

## PARTIES

16.     Robert Gordon brings this action in an individual capacity and on behalf of all others similarly situated.  Robert Gordon is an adult individual residing in Jersey City, New Jersey and is a New Jersey citizen.

17.     Melissa Chan brings this action in an individual capacity and on behalf of all others similarly situated.  Melissa Chan is an adult individual residing in Jersey City, New Jersey and is a New Jersey citizen.

18.     Defendant United Continental Holding, Inc. is a publicly held company incorporated under Delaware law.  Its headquarters and principal place of business are located in Chicago, Illinois.  It was formed via a merger that closed on October 1, 2010, between United Airlines and Continental Airlines.

19.     Defendant United Airlines, Inc. is a wholly owned subsidiary of United Continental Holdings, Inc. located in Chicago, Illinois and incorporated under Delaware law. Prior to its merger with Continental Airlines, United Airlines, Inc. was the entity that created and operated the frequent flyer program at issue in this case.

20.     Defendant Mileage Plus Holdings, LLC is a wholly owned subsidiary of United Airlines, Inc. located in Chicago, Illinois and incorporated under Delaware law.

21.     Defendants offer, operate, control and administer the current frequent flyer

4

MileagePlus program and enter into agreements with the MileagePlus program members, including Plaintiffs.

## JURISDICTION AND VENUE

22.　This Court may assert diversity jurisdiction pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds $75,000, exclusive of interest and costs, Plaintiffs are New Jersey citizens and Defendants are Delaware business entities with headquarters in Illinois.

23.　This Court may assert jurisdiction of this matter under the Class Action Fairness Act, in that the acts occurred in New Jersey, Plaintiffs are New Jersey citizens, Defendants are Delaware business entities with headquarters in Illinois and the amount in controversy exceeds $5,000,000.

24.　The case is properly brought in this district because Defendants are located and doing business in the district.

## FACTUAL BACKGROUND

**A.　Background**

25.　On October 1, 2010, United Airlines merged with Continental Airlines forming Defendant United Continental Holdings, Inc.

26.　United is the world's largest airline in terms of fleet size and number of destinations, operates an average of 5,446 flights a day to more than 370 airports across six continents. In 2012, United carried more passenger traffic than any other airline in the world and operated nearly two million flights carrying 140 million customers.

27.　In the 1980's, United Airlines began a frequent flyer program for its customers called Mileage Plus. Under this program, frequent flyers on United Airlines would receive valuable benefits in exchange for purchasing tickets to fly on United flights.

5

28.    A frequent-flyer program is a loyalty program offered by many airlines. Typically, airline customers who have enrolled in the program accumulate frequent-flyer miles (or points or segments).  There are other ways to accumulate miles such as using co-branded credit and debit cards.  Acquired miles can be redeemed for free air travel, for other goods or services, or for increased benefits, such as travel class upgrades, airport lounge access, or priority bookings.

29.    In September 2011, United announced that it was renaming the post-merger frequent flyer program MileagePlus (the same name as the old United program, only absent a space between the words.).

30.    According to United, its MileagePlus program builds customer loyalty by offering awards and services to program members.  Members in this program earn miles for flights on United, Continental, United Express, airlines in the "Star Alliance" (including Lufthansa, All Nippon Airways, Air China, U.S. Airways, Singapore Airlines, and others), and certain other airlines that participate in the program.  Members can redeem MileagePlus miles for free, discounted, or upgraded travel and non-travel awards.

31.    When members sign up for a MileagePlus account, United requires them to acknowledge and agree to the "MileagePlus Program Rules".  The MileagePlus Program Rules constitute a contract, which United drafted in its entirety and for which prospective members do not have any opportunity to negotiate the terms.  Nowhere in the MileagePlus Program Rules does United disclose that the more mileage or miles a member has, the more miles United will require to redeem an award.

32.    United also allows members to directly purchase miles with cash.  United claims this is "[p]erfect if you are just a few thousand miles short of your next award trip.  You can

apply these miles toward award travel on United or any MileagePlus airline partner, or toward upgrades on United." The cost is $0.035 per mile, plus an applicable 7.5% Federal Excise tax. See Personal Miles, http://www.ualmiles.com/PersonalMiles.jsp (last visited Mar. 17, 2013).

33.    In 2012, 4.7 million MileagePlus travel awards were used on United and Continental. These awards represented 7.4% and 6.8% of United's and Continental's total revenue passenger miles (i.e., miles flown by revenue paying passengers) in 2012. The total revenue passenger miles in 2012 for United (including Continental flights) were 179,416,000,000 miles.

34.    According to United's SEC 10-K filing for the fiscal year ending December 31, 2012, "excluding miles redeemed for travel on United and Continental, MileagePlus members redeemed miles for approximately 1.6 million awards in 2012 as compared to 1.8 million in 2011. These non-United and non-Continental travel awards include United Club memberships, car and hotel awards, merchandise and travel on another air carrier." Total miles redeemed for travel on United and Continental in 2012, including class-of-service upgrades, represented 83% of the total miles redeemed.

**B.    United's Public MileagePlus Program**

35.    United touts its MileagePlus program as "[t]he world's most rewarding loyalty program."

36.    United allows customers to earn miles through travel activities such as flights on United or its airline partners, hotels, car rentals, rail service, cruise and vacation partners and everyday activities such as using credit card partners, MileagePlus shopping, retail and dining and entertainment.

37.    United represents that customers can use their miles to fly, stay in a hotel or rent a

7

car and for buying sport, concert or Broadway tickets, shopping, dining or magazine subscriptions.

38.     While United's MileagePlus program provides that it may make modifications to the program, it represents that the amount of miles necessary for an award is a set published amount.

39.     Specifically, United's MileagePlus program provides:

> The awards available to be redeemed and the amount of mileage necessary to redeem each award will be set by United and published to the members.  United shall establish the process for award redemption, but redemption shall basically mean the exchange of mileage in a member's account for a specified award.

40.     United also sells miles to customers, charging them so they can "[g]et the extra miles you want, when you want them.  Buy miles and get closer to your next travel award . . ."

**C.     United's Undisclosed Policy of Overcharging Customers With More Miles**

41.     United represents to customers that the number of miles needed are a set published amount, but when a customer has more miles, United charges them more.

42.     United, when confronted by Plaintiff, admitted using an algorithm that increases the number of miles a customer needs for an award, based on their number of miles.

43.     United does not disclose to its customers that the more miles they have, the more miles it charges them for an award.

44.     United's failure to disclose that it increases the number of miles a customer needs for an award, based on their total miles, is a deceptive and unconscionable corporate practice.

45.     Further, after increasing the number of miles needed for an award, United sells miles directly to members who "are just a few thousand miles short of your next award trip," charging them $0.035 per mile, plus tax.

**D.  United Charges Ms. Chan More Miles Than Mr. Gordon For The Same Service On The Same Day – Both Times Making Sure They Were "Just A Few Thousand Miles Short Of Your Next Award Trip"**

46.   New Jersey citizens Mr. Gordon and Ms. Chan are members of United's MileagePlus rewards program.

47.   On August 26, 2012, Mr. Gordon was looking to pay for a hotel room, for a trip he and Ms. Chan were taking to Japan, utilizing his United miles.

48.   Mr. Gordon had 38,183 miles. (Exhibit A.)

49.   United's website required Mr. Gordon onto have 40,750 miles for the three-night stay in the double semi room. (Id.)

50.   Knowing Ms. Chan had more miles, Mr. Gordon did not book the room.

51.   Minutes later, Ms. Chan went to book the same room for the same three days. Ms. Chan had 41,773 miles – approximately 100 more miles than United advised Mr. Gordon was required for the award. (Exhibit A.)

52.   However, because Ms. Chan had more miles, United required her to have more miles to book the hotel reservations -- 44,550 miles. (Id.)

53.   On the same day, Mr. Gordon and Ms. Chan tried to book the same room, at the same hotel, for the same dates, but because Ms. Chan had more miles, United required 3,750 more miles for the same award.

54.   Mr. Gordon called United and was advised that United utilizes an algorithm that modifies the number of miles needed for an award depending on the customer's number of miles.

55.   Not only did United charge Ms. Chan more miles than Mr. Gordon for the same service on the same day, but both times they were "just a few thousand miles short of . . . [their] next award trip."

56.     After increasing the number of miles needed for the award, United charged Ms. Chan $26.10 to purchase the now needed additional miles for the hotel room.

**E.      Substantive Allegations**

57.     Plaintiffs and the Class have been damaged as a result of United's deceptive MileagePlus program.

58.     In advertising and promoting its MileagePlus program, United made false and misleading statements.

59.     In advertising and promoting its MileagePlus, United made false and misleading representations of fact.

60.     In advertising and promoting its MileagePlus, United omitted and failed to disclose material terms.

61.     United's acts, practices and advertisements are materially deceptive and misleading.

62.     United's false and misleading acts, practices and advertisements deceived Plaintiffs and the Class.

63.     United's false and misleading acts, practices and advertisements had a tendency to deceive a substantial segment of its audience, including Plaintiffs and the Class.

64.     United's deception was material because it is likely to influence the purchasing decision of Plaintiffs and the Class.

65.     United's advertising of its MileagePlus program concerned goods and commercial activities in interstate commerce.

66.     Plaintiffs and the Class have been injured and are likely to continue to be injured as a result of United's false advertising and deceptive practices.

67.     United is, amongst other things, advertising but failing to honor the terms of its MileagePlus program and, as such, using false information and deceptive practices in the course of selling its goods and services.

68.     United's practices and advertisements are recurring in nature and directed at consumers.

69.     United intended that Plaintiffs and the Class would rely upon its false information, deceptive practices and omission of material terms.

70.     Plaintiffs and the Class are ordinary consumers.

71.     Plaintiffs and the Class have been injured by United's sale of merchandise, services and items.

72.     Plaintiffs and the Class have been injured by, among other things, needing to use more miles for an award and paying for miles unnecessarily than if United had honored its public MileagePlus program.

73.     Plaintiffs and the Class have been injured by devoting time and expending resources, including money, traveling to, shopping at and dealing with United.

74.     This action will benefit the public.

75.     United has been enriched at Plaintiffs' and the Class's expense by its deceptive acts.

76.     Plaintiffs and the Class met the conditions of the MileagePlus program in effect at the time.

77.     Plaintiffs and the Class made purchases at United despite being denied the benefit of United's MileagePlus program.

78.     Plaintiffs and the Class performed the condition precedent to United's obligation to perform under the MileagePlus program contract.

79.     United failed to perform its obligation under the MileagePlus program contract.

80.     Plaintiffs and the Class have been injured by United's failure to perform its obligation under the MileagePlus program contract.

81.     United has received an economic benefit from its MileagePlus program by utilizing the same to draw consumers, increase customer usage and exclusivity and increase brand loyalty and use.

82.     United has received an economic benefit by charging more miles for awards and receiving money from customers for the purchase of miles, then if the MileagePlus public program had been honored.

83.     Equity and good conscience prohibit United from receiving the economic benefits of the MileagePlus program when it does not perform its obligations under the same.

84.     Equity and good conscience require that United make restitution, yet United has failed to make restitution.

85.     United's failure to honor its MileagePlus program is in keeping with its deceptive practices.

## CLASS ACTION ALLEGATIONS

86.     Plaintiffs bring this action on their own behalf and on behalf of all other persons similarly situated, pursuant to Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3), on behalf of a Class, consisting of all persons who were damaged by United's failure to honor its public MileagePlus program. Excluded from the Class are Defendants, officers and directors of the company, at all relevant times, members of their immediate families and their legal

representatives, heirs, successors or assigns and any entity in which Defendants' have or had a controlling interest.

87.     The Class which Plaintiffs seeks to represent is defined as:

All persons who, in the United States, were denied the benefits of United's public MileagePlus program.  The term "persons" includes individuals as well as profit and not-for-profit corporations, partnerships, limited liability companies, limited liability partnerships, joint ventures, sole proprietorships, associations, firm, trust and other business and governmental entities.

Excluded from this Class are any persons or other entity related to or affiliated with the Defendants; any person, firm, trust, corporation, or other entity who purchased, for resale, from Defendants, or any entity related to or affiliated with United or any person who has an action for damages for personal injury or death or property damage against Defendants.

## NUMEROSITY

88.     The members of the Class are so numerous that joinder of all members is impracticable.  The Class consists of thousands of members.  The precise number of Class members can only be ascertained through discovery, including reviewing Defendants' records. The disposition of their claims through a class action will benefit both the parties and this Court.

## COMMON QUESTIONS OF LAW AND FACT

89.     There is a well-defined community of interest in the questions of law and fact involved affecting Plaintiffs and the Class.

90.     The questions of law and fact common to the Class predominate over questions which may affect individual members, and include the following:

(a)     Whether United has a policy or practice of refusing to honor its public MileagePlus program;

(b)     Whether United charges members with more miles more for the same item/service;

(c)     Whether United made false or misleading statements, or representations of fact;

(d)     Whether United omitted and failed to disclose material facts;

(e)     Whether United's acts actually deceived or had a tendency to deceive a substantial segment of its audience;

(f)     Whether United violated New Jersey's Consumer Fraud Act;

(g)     Whether members of the Class are entitled to the entry of final and injunctive relief compelling Defendants to honor their MileagePlus program and/or cease advertising, promoting and using its MileagePlus program;

(h)     Whether Class members are entitled to actual damages and if so, the appropriate amount thereof;

(i)     Whether Defendants deliberately misrepresented or failed to disclose material facts to Plaintiffs and the Class; and

(j)     Whether United's conduct constitutes an unconscionable business practice.

## **TYPICALITY**

91.     The claims and defenses of Plaintiffs, as the representative Plaintiffs, are typical of the claims and defenses of the Class because Plaintiffs and the Class were all deprived the benefits of United's MileagePlus program.  Plaintiffs, like all Class members, were denied the benefit of United's MileagePlus program and were charged additional miles and/or sold additional miles because of United's deceptive conduct.

14

## ADEQUACY OF REPRESENTATION

92.     Plaintiffs, as the representative Plaintiffs, will fairly and adequately assert and protect the interests of the Class as:

(a)     Plaintiffs have hired attorneys who are experienced in prosecuting class action claims and will adequately represent the interests of the Class; and

(b)     Plaintiffs have no conflict of interest that will interfere with the maintenance of this class action.

## PREDOMINANCE

93.     With respect to the Class, questions common to the Class predominate over those which only affect individual owners.   This case involves United's failure to honor its MileagePlus program.   Liability will primarily be predicated upon the jury's evaluation of United's representations, practices and conduct regarding its MileagePlus program.

## SUPERIORITY

94.     A class action provides a fair and efficient method for the adjudication of controversy for the following reasons:

(a)     The common questions of law and fact set forth herein predominate over any questions affecting only individual Class members;

(b)     The Class is so numerous as to make joinder impracticable.   The Class, however, is not so numerous as to create manageability problems.   There are no unusual legal or factual issues which would create manageability problems;

15

(c)     Prosecution of a separate action by individual members of the Class would create a risk of inconsistent and varying adjudications against Defendants when confronted with incompatible standards of conduct;

(d)     The claims of the individual Class members are small in relation to the expenses of litigation, making a class action the only procedure in which Class members can, as a practical matter, recover; and

(e)     A class action would be superior to and more efficient than adjudicating thousands of individual lawsuits.

## FIRST CAUSE OF ACTION
### (Consumer Fraud Act – N.J.S.A. 56:8-1 et seq.)

95.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

96.     New Jersey has enacted laws to protect consumers against unfair, deceptive or fraudulent business practices, unfair competition and false advertising.   New Jersey provides consumers with a private right of action under its statute.

97.     United's conduct constitutes unconscionable commercial practices, deception, fraud, false pretense, false promise, misrepresentations, and/or the knowing concealment, suppression, or omission of material facts with the intent that others, including Plaintiffs and Class members, rely upon such concealment, suppression, or omission in connection with the sale or advertisement of merchandise in violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, et seq. (the "Consumer Fraud Act").

98.     In addition to its stated misrepresentations, United intentionally concealed, suppressed and omitted the facts of their MileagePlus program with the intent that others,

16

including Plaintiffs and Class members, rely upon such concealment, suppression, failure to disclose or omission.

99.     United knew and intentionally concealed, suppressed and omitted the fact that its public MileagePlus program did not provide the advertised/represented benefits.

100.    United knew and intentionally concealed, suppressed and omitted the fact that it charges customers with more miles more for the same award.

101.    United's acts of commission and omission were material.

102.    As a result of Defendants' unfair, fraudulent and/or deceptive trade practices, Plaintiffs and Class members have suffered an ascertainable loss of money and property by, amongst other things, not receiving the monetary value of Defendants' public MileagePlus program awards and paying money for miles.

## SECOND CAUSE OF ACTION
### (Breach of Covenant of Good Faith and Fair Dealing)

103.    Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

104.    Defendants acted intentionally and in bad faith to frustrate the benefits owed to to Plaintiffs and the Class under their publicly advertised/represented MileagePlus program, despite a duty to refrain from doing so.

105.    Defendants' failure to deal fairly and in good faith caused damage to Plaintiffs and the Class.

106.    As a result of the foregoing, Plaintiffs and the Class members are entitled to damages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
### (Breach of Contract)

107.    Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

108.    The parties entered into a contract containing certain terms.

109.    Plaintiffs and the Class substantially did what the contract required Plaintiffs and the Class to do.

110.    Defendants did not do what the contract required Defendants to do.

111.    Defendants' breach, or failure to do what the contract required, caused a loss to Plaintiffs and the Class.

112.    As a result of the foregoing, Plaintiffs and the Class members are entitled to damages in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION
### (Truth-in-Consumer Contract, Warranty and Notice Act - N.J.S.A. 56:12 et seq.)

113.    Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

114.    United was required to write its contract in a clear and understandable manner.

115.    United did not write the contract in a manner that the Class could know that United would charge more to those customers with more miles for awards.

116.    United's failure to disclose that that it increases the number of miles a customer needs for an award, based on their total miles, violated Plaintiffs' rights under the NJCFA.

117.    United drafted and entered into a written contract that violate Plaintiffs' rights under clearly established State law.

118.    Defendants' conduct caused a loss to Plaintiffs and the Class.

18

119.   Because of the foregoing, Plaintiffs and the Class members are entitled to damages in an amount to be proven at trial, but no less than the statutory damages per violation under the TCCWNA statute that Defendants' violated.

## FIFTH CAUSE OF ACTION
### (Declaratory Relief)

120.   Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

121.   There is a genuine controversy between Defendants, on the one hand, and Plaintiffs and the Class, on the other, concerning their respective rights and obligations. Specifically, Plaintiffs contend that United's acts and practices relating to its MileagePlus program are prohibited by statute as well as equitable doctrines, whereas United contends they are not.

122.   Accordingly, Plaintiffs seeks declaratory relief concerning the respective rights and obligations of the parties.

## SIXTH CAUSE OF ACTION
### (Unjust Enrichment)

123.   Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

124.   Defendants engaged in the deceptive transactions directly with Plaintiffs and the Class.

125.   The enrichment was at the expense of Plaintiffs and the Class.

126.   The circumstances were such that equity and good conscience require Defendants to make restitution.

127.   Defendants have failed to make restitution.

128.     As a result, Plaintiffs and the Class have been damaged.

## SEVENTH CAUSE OF ACTION
### (Injunctive Relief)

129.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

130.     Defendants' conduct is improper and deceptive and has caused injury to Plaintiffs and the Class.

131.     The grounds for an injunction are present therein, including the fact that Plaintiffs and the Class have a likelihood of success on the merits; irreparable harm will be done if the injunction is denied; the balance of the equities is in favor of granting the injunction and Plaintiffs and the Class have been injured by Defendants' action and will continue to be injured absent the requested injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, pray for a judgment against Defendants as follows:

1.     For an order certifying the Class, appointing Plaintiffs as representatives of the Class and appointing the law firms representing Plaintiffs as counsel for the Class;

2.     For compensatory damages sustained by Plaintiffs and the Class;

3.     For disgorgement, restitution and/or refund of all funds acquired by Defendants from Plaintiffs and the Class, and the general public as a result of Defendants' unlawful, unfair, fraudulent, deceptive and unconscionable practices described herein;

4.     For punitive, treble and all other damages available to the Class;

5.     For payment of costs of suit herein incurred;

20

6.      For both pre-and post-judgment interest on any amounts awarded;

7.      For payment of reasonable attorneys' fees and expert fees;

8.      For injunctive and declaratory relief; and

9.      For such other and further relief as the Court may deem proper.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiffs, individually and on behalf of all others similarly situated hereby demands a trial by jury on all claims so triable.

Dated: October 8, 2013

<div style="margin-left:40%;">

**KANTROWITZ, GOLDHAMER**
**& GRAIFMAN, P.C.**

By: _____
        Gary S. Graifman, Esq.
        Michael L. Braunstein, Esq.
210 Summit Avenue
Montvale, New Jersey 07645
Tel: (201) 391-7000

Alvin C. Gordon, Esq.
Ava Gordon, Esq.
**THE GORDON LAW FIRM**
   **OF NEW YORK, LLP**
45 Broadway, 12th floor
New York, New York
Tel: (212) 766-2200

*Attorneys for Plaintiffs and the Class*

</div>